**BOWLES, Price Administrator, v. JOHN WANAMAKER PHILADELPHIA, Inc., et al.**
Civil Action No. 4986.

District Court, E. D. Pennsylvania.
Dec. 13, 1945.

Sydney M. Friedman, of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, by Walter Biddle Saul, all of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

This is an action in equity by the Administrator of the Office of Price Administration against John Wanamaker Philadelphia, Inc., and seven of its employees who are buyers in various of the departments of the two Wanamaker stores. Alleging violations of four Maximum Price Regulations issued by the plaintiff, pursuant to the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A. Appendix § 901 et seq. (Revised Maximum Price Regulation 330, General Maximum Price Regulation and Maximum Price Regulation 210 and the Maximum Import Price Regulation),

the complaint prayed for a preliminary injunction. An answer was filed by the defendants denying the violations alleged in the complaint.

Extended hearings were held on the motion for a preliminary injunction. At the conclusion of the presentation of the plaintiff's case the defendants moved to dismiss the plaintiff's motion for preliminary injunction reserving the right in the event of denial of the motion to dismiss to offer testimony. In support of the motion to dismiss the defendants vigorously contend that the plaintiff failed to "present any evidence on its hearing for Preliminary Injunction which would justify the granting of any single one of the prayers of the Bill preliminary."

Decision was reserved on the defendants' motion and the Court directed that the parties submit briefs and requests for findings of fact and conclusions of law, stating at the time that in its opinion Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, required the Court to make findings and state its conclusions of law in granting or refusing interlocutory injunctions.

 Upon consideration I am of the opinion, however, that, in disposing of a motion such as the instant one, the Court is not required under Rule 52 to make findings and to state conclusions of law thereon. To make findings of fact before the defendants have been given the opportunity to present their testimony would in effect deprive them of their day in Court. The defendants' motion to dismiss the plaintiff's motion for a preliminary injunction poses a perplexing problem, transcending in scope and effect the usual motion of this type. To grant the defendants' motion at this time would be in effect to direct a final judgment in their favor because the motion is premised on the contention not merely that the plaintiff has failed to establish a need for such extraordinary relief but that it has indeed failed to establish any violation at all.

I cannot subscribe to defendants' views under the testimony of this case. In my opinion the plaintiff's evidence is of such nature that the Court should have the benefit of the defendants' testimony before arriving at a decision as to whether or not a preliminary injunction should issue. Thereafter the defendants could address themselves to the question as to whether the extraordinary remedy of a preliminary injunction is warranted under the facts.

Indeed, the defendants' motion is nothing more or less than a motion to dismiss the complaint itself such as would come within the scope of Rule 41(b) of the Federal Rules of Civil Procedure. For the purpose of disposing of the current motion the plaintiff's evidence must be accepted as true.

In accordance with the views which I have stated, the defendants' motion to dismiss the plaintiff's motion for preliminary injunction is denied. Upon conference with counsel for the plaintiff and the defendants a convenient date will be fixed by the Court for the presentation of the defendants' testimony.